## DONAT QUIRIAQUE *v.* THOMAS DENNIS.

MORTGAGE ON GROWING CROPS.—A mortgage upon growing crops, executed, acknowledged, and recorded, like mortgages on real estate, is valid, as against third parties, without delivery of possession of the property mortgaged.

SAME—LIEN OF.—The lien of such mortgage ceases, as against subsequent ·purchasers, after the crop is havested, unless, when harvested, it is delivered to the mortgagee.

APPEAL from the Second Judicial District, Santa Barbara County.

The facts are stated in the opinion of the Court.

*Eugene Lies,* for Appellant.

*Charles E. Huse,* for Respondent.

By the Court, CURREY, J.

The plaintiff commenced his action against the defendant to recover the value of a quantity of beans and corn, alleged to be of the value of one thousand dollars, which the defendant, as Sheriff, seized and carried away, under and· by virtue of a writ of attachment issued out of the District Court of˙ the Second Judicial District, for Santa Barbara County, in an action therein of Abidie & Brothers against one Zuniga.

The plaintiff's right to the property was acquired by a mortgage of it, executed by Zuniga to him on the 8th of November, 1862, to secure the payment of six hundred dollars, which the mortgagor owed to the mortgagee. The mortgage was filed for record in the Recorder's office of the county early in the day of the 19th of said month. The property was described therein as being at the farm cultivated by the mortgagor at a particular place named. Immediately after the mortgage was filed for record, the plaintiff took possession of a part of the property, which at that time had been gathered. At the same time the greater portion of the beans and corn was upon the ground where the·same grew, unharvested. The portion of the crop which had been gathered, and that which

was still standing on the ground unharvested, were seized by the defendant under said attachment on the 19th day of November, at some time in the day after the mortgage was filed for record. The defendant harvested the portion of the crop standing upon the ground and then took it away, together with that which he found gathered and in plaintiff's actual possession, and thereby the property became lost to the plaintiff.

The cause was tried by two referees, who reported a judgment in the sum of five hundred and thirty-five dollars for plaintiff against defendant, upon which final judgment was entered. The defendant moved the Court, on the judgment roll, to set aside the report of the referees and to grant a new trial. The Court denied the motion, from which the defendant appealed.

The counsel for appellant has assigned several grounds on which he claims that the judgment should be reversed, only one of which, under the notice of appeal and the assignment of errors in the Court below, it is necessary to consider, and that is to the effect that the Court erred in refusing to set aside the report of the referees, for the reason that they reported a judgment for the plaintiff in the sum of five hundred and thirty-five dollars, when the facts in the case authorized a judgment for eighty dollars only.

This objection is sought to be maintained on the ground that the portion of the property which was gathered and came into the actual possession of the plaintiff before the defendant attached the crop was found by the referees to be of the value of only eighty dollars, and that the portion of the property which remained unharvested when it was attached was not at the time in the plaintiff's possession, and therefore he had not acquired by his mortgage such an interest in it as the law would protect as against an attaching creditor of the mortgagor. The objection made to the mortgage is, that it was not executed in the mode and with the formalities prescribed by the Act relating to chattel mortgages, passed in 1857, (Wood's Digest, 108,) and for that reason should be pronounced invalid as to the creditors of the mortgagor. The

Act of 1857 enumerates the kinds of personal property to which its provisions particularly apply. Growing crops are not found in the enumeration; but they are comprehended in the seventeenth section of the Act concerning fraudulent conveyances and contracts, (Wood's Digest, 107,) which provides that " no mortgage of personal property hereinafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to and retained by the mortgagee; *provided*, that a mortgage upon growing crops, executed, acknowledged, and recorded, like mortgages upon real estate, shall be valid against third parties without delivery of possession; but the lien of such mortgage shall cease as against subsequent purchasers, unless such crops, when harvested, be delivered to the mortgagee, as required in other cases of mortgage of personal property."

The mortgage in this case was executed, acknowledged, and recorded, like mortgages on real estate, and was a valid mortgage on the crop standing upon the ground when the defendant attached and harvested it. The other portion of the property mortgaged, the referees find, was in the plaintiff's actual possession when the defendant seized it and took it from him. The mortgage of the property in controversy was valid under the Act last cited, and the defendant could not, by virtue of the attachment in his hands, legally take it from him to satisfy the demands of other creditors of the mortgagor.

Judgment affirmed.

Mr. Justice SAWYER expressed no opinion.