[No. 5522.]

## W. S. ROSECRANS v. F. H. ELLSWORTH.

Intervention.—In an action of ejectment to recover a tract of land, a third person cannot intervene for the purpose of getting the Court to quiet his title, as against the plaintiff, to another tract of land not in dispute between the plaintiff and defendant.

Appeal from the District Court, Seventeenth Judicial District, County of Los Angeles.

Ejectment to recover forty acres of land, part of the north-east one-fourth of section sixteen, township two south, range No. 13 west, San Bernardino meridian. The answer of defendant alleged that José Rubio was residing upon and entitled to purchase the quarter-section from the State when the same came into market; and that on the 13th day of March, 1868, one C. H. Larrabee represented to Rubio that he was the agent of the plaintiff, and that the plaintiff could and would procure from the State of California a patent to Rubio of the quarter-section at his own expense, within six months, if Rubio would deed to the plaintiff sixty acres, including the demanded premises; and that Rubio, having confidence in Larrabee, executed to the plaintiff a deed for said sixty acres without any other consideration than said Larrabee's promise, and gave the deed to Larrabee, and Larrabee put it on record; and that Larrabee, as the agent of the plaintiff, then executed in the name of the plaintiff, and delivered to Rubio, a written contract by which the plaintiff promised to procure said patent from the State of California; that said Rubio did not see or have any communication with the plaintiff; that the plaintiff failed to procure said patent from the State; that said Larrabee was not the plaintiff's agent; that after the expiration of the six months, said Rubio procured said patent from the State at his own expense, and sold the demanded premises to one Gibson; and that said Gibson afterward, and on the 7th day of February, 1871, sold and conveyed said forty acres to the defendant, who still owns the same.

Rubio filed a petition of intervention, in which he alleged pretty much the same facts contained in the defendant's answer,

and asked that his deed to Rosecrans be set aside. The inter-
venor admitted his conveyance to Gibson of the forty acres;
but claimed that twenty acres of the sixty deeded to Rosecrans
still belonged to him by reason of the fraud used in obtaining
the conveyance.

The Court found that the deed from Rubio to the plaintiff
was fraudulently obtained; and that when Gibson conveyed the
forty acres to the defendant, he accompanied the deed with a
bond of warranty; and that when Rubio conveyed the forty
acres to Gibson he had not obtained a patent from the State of
California; and that he executed and delivered to Gibson a
bond to convey the same to him when he obtained said patent;
and that after Rubio obtained the patent, and in January, 1874,
he made the conveyance as required in the bond; and that
Rubio had been in the exclusive possession of the twenty acres,
and his grantees had been in possession of the forty acres; and
that the conveyance of Rubio to the plaintiff was a cloud on the
title. Judgment was rendered giving Ellsworth possession of the
forty acres, and quieting his title thereto; and giving the inter-
venor possession of the twenty acres, and quieting his title there-
to, as against Rosecrans and all persons claiming under him.
The plaintiff appealed from the judgment and from an order
denying a new trial. The other facts are stated in the opinion.

*J. D. Bicknell* and *J. R. McConnell,* for the Appellant.

The Court erred in not striking out the petition of interven-
tion.

The practice of intervention pertains only to causes in equity,
and not to actions at law.

It is intended to supply the place of the ancient chancery
practice, by means of which all persons interested in the subject-
matter of the suit could be brought before the Court, and their
interests adjudicated.

Indeed, it is impossible to conceive a case where the action
only involves the strict legal title to a *chose in action,* a chattel,
or a tract of land, in which an intervention would be proper.
The reason is obvious. If one who ought to have been made a

party in such action has not been, the plaintiff suffers the consequences in failing to obtain the judgment he expected. Or he may amend and make such person a party, and in any event the judgment of the Court cannot bind the person seeking to intervene.

It is true that our position has never been directly sustained by the decisions of this Court; but all of the cases in which interventions have been allowed have been equitable or *quasi*-equitable proceedings. (*Stich* v. *Goldner,* 38 Cal. 609; *Horn* v. *Volcano Water Company,* 13 Cal. 70; *Montgomery* v. *Tutt,* 11 Cal. 307.)

*V. E. & F. H. Howard,* for Respondent Rubio.

Rubio having sold and conveyed part of the land in controversy by a warranty of title, was in the condition of an indemnifier, and could therefore intervene. (*Dutill* v. *Pacheco,* 21 Cal. 442; *Stich* v. *Goldner,* 38 Cal. 610.)

Rubio had a right to intervene, because he still retained an interest in the lands alleged to have been conveyed to Rosecrans. (*Horn* v. *Volcano Water Company,* 13 Cal. 70; *Greedkhold* v. *Harris,* 24 Cal. 154.)

*Bremson & Eastman* and *Graves,* for Respondent Ellsworth.

By the COURT:

The action is ejectment for a tract of land containing forty acres, both the plaintiff and defendant claiming title under conveyances from one Rubio; that to the plaintiff being prior in date and first recorded, and including in addition to the forty acres a further quantity of twenty acres. The twenty acres are not in controversy between the plaintiff and defendant, the latter asserting no claim of any character thereto. But Rubio filed an intervention setting up title to the twenty acres adversely to the plaintiff, and praying that his title be quieted as against him, and that his deed to the plaintiff be adjudged to be null and void. Waiving the question whether in any case there can be an intervention in an action of ejectment under sec. 387 of the

Code of Civil Procedure, it is quite clear that Rubio does not bring himself within its terms. It provides that any person may intervene " who has an interest *in the matter in litigation,* in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant." The matter in litigation between the plaintiff and defendant was the forty acres, in which Rubio had no interest whatever and to which he asserts no claim as against either.

It is contended, however, that by reason of the quitclaim deed from Rubio to Gibson, and the covenant executed at the same time, and of the deed from Gibson to the defendant, accompanied by a covenant to him to pay a sum of money if he should be evicted from said premises by process of law, Rubio had an interest in common with the defendant to defeat a recovery by the plaintiff, and was therefore entitled to intervene. But those conveyances and covenants related only to the forty acres in controversy, and had no relation whatever to the remaining twenty acres claimed by Rubio and which were not involved in the action between the plaintiff and defendant. The covenant from Rubio to Gibson is in the nature of a penal bond, with a condition annexed, to the effect that if Rubio should thereafter acquire a title to the forty acres, and if Gibson, on or before the happening of that event, should have paid to Rubio six hundred dollars in gold coin, and if Rubio should thereupon execute and deliver to him " a good and sufficient conveyance and warranty deed " of the land, then and in that event the obligation was to be void; otherwise to remain in force. But there is no averment in the complaint of intervention, nor does it appear in proof that the six hundred dollars has ever been paid or tendered, and *non constat* that it ever will be. If it be assumed that the covenant or parol bond is in legal effect a conditional covenant for further assurance, and runs with the land, yet, in the absence of any showing that the six hundred dollars has been paid or ten-

dered, Rubio is under no obligation to convey. The case as presented in the record before us shows no interest in Rubio in the forty acres which entitled him to intervene in respect thereto; and the twenty acres not being involved in the litigation, it is clear he could not litigate his title to it in this action. The motion to strike out the intervention ought, therefore, to have prevailed, and the judgment in favor of Rubio cannot be supported. We discover no other error in the record.

Judgment reversed as to the intervenor Rubio, and cause remanded, with an order to the Court below to strike out the intervention, and in other respects the judgment and order denying the motion for a new trial are affirmed.