[No. 1570. Decided November 27, 1894]

SAMUEL D. GUSTIN ET AL., *Respondents*, *v.* THOMAS JOSE ET AL., *Appellants.*

APPEAL—FAILURE TO PROSECUTE—DISMISSAL.

A motion to dismiss an appeal for failure to send up the record and to diligently prosecute the appeal, will not be entertained, when the motion is not made until after the appellant has furnished the record.

*Appeal from Superior Court, King County.*

Opinion on motion to dismiss the appeal.

*C. W. Turner*, for appellants.

*John G. Barnes*, for respondents.

*Per curiam.* —Respondents move to dismiss the appeal in the above entitled action, to affirm the judgment of the superior court, and to render judgment against appellants and their sureties on the appeal bond for the amount of said judgment appealed from, and for damages and costs, on the ground that the record on appeal has not been sent up, and, secondly, on the ground and for the reason that the said appeal has not been diligently prosecuted. Some affidavits have been filed by the appellants in opposition to this motion, and some counter affidavits by the respondents, but we will not enter into the consideration of these affidavits for the reason that it appears that the record in this case had been sent up by the appellants prior to the filing of the motion to dismiss by the respondents. It also appears that appellants' brief had been served on the respondents as early as July 31st, while the motion to dismiss was not filed in this court until November 13th. The respondents have not brought a short record here in furtherance of their motion to dismiss, and it was not necessary, for the record had already been sent here by the appellants.

This court has uniformly held that where motions of this kind are made after the record has been furnished by the appellant that the motion to dismiss will not be entertained.

We see no reason why we should vary the rule in this case. If, upon the default of the appellants, the respondents had availed themselves of their privilege to have moved the dismissal of the appeal for that reason, the court would have considered it, and without good cause shown for the delay would have granted the motion; but inasmuch as they have waited until the default has been cured by the affirmative action of the appellants we cannot see that they have received any substantial injury by the delay. It is true, as respondents orally contended, that the case might have been reached and disposed of at the present term had the appellants proceeded promptly to perfect their appeal; but if respondents had desired such speedy determination of the case they should have moved against the appellants while they were in default, and that objection would then have been obviated. Under the circumstances as they exist the motion will be denied.