[No. 3498.  Decided August 25, 1900.]

W. H. McNAMARA, *Appellant, v.* CRYSTAL MINING COM-
PANY, *Appellant,* J. L. KELLY *et al., Respondents.*

DISMISSAL OF APPEAL—FAILURE TO PROSECUTE.

A motion to dismiss an appeal for failure to send up the
record in time will not be entertained, when the motion is not
made until after the record has been filed.

INTERVENTION—GROUNDS OF.

A third party has no right to intervene in an action merely
because defendant is asserting an adverse claim to such third
party's property as well as to that of plaintiff, when the rights
attempted to be set up by means of the intervention affect en-
tirely different property from that involved in the plaintiff's
action, since, under Bal. Code, § 4846, the right of intervention
is granted only to one "who has an interest in the matter in liti-
gation, in the success of either party, or an interest against both."

Appeal from Superior Court, Lincoln County.—Hon.
CHARLES H. NEAL, Judge. Reversed.

*Mount & Merritt* and *H. N. Martin,* for appellants.

*Myers & Warren,* for respondent Kelly.

The opinion of the court was delivered by

WHITE, J.—The motion of respondent J. L. Kelly to
dismiss the appeal of the Crystal Mining Company be-
cause of failure to send up the record in time cannot now
be entertained, under the rule announced in *Gustin v.
Jose,* 10 Wash. 217 (38 Pac. 1008), as the record was
filed before the motion. This action, as originally brought,
was by W. H. McNamara, as plaintiff, against the Crystal
Mining Company (a corporation), G. E. Adams, J. S.
Noble, D. C. Joslyn, O. B. Nelson, J. K. Worts, W. M.
Ridpath, and J. Fielding, as defendants. The complaint
alleges, in substance, that on the 22d day of December,
1898, the plaintiff located a mining claim known as the

"New Trick," in the Egypt mining district, in Lincoln county, Washington, on the unpatented public mineral lands of the United States, and that said claim, at the time the plaintiff located it, was open to location. The plaintiff then alleges that the Crystal Mining Company has placed on record certain deeds under which it claims to own the New Trick, the deeds having been made by persons who claimed to have located the mineral land embraced in the New Trick before the plaintiff located, and that the Crystal Mining Company prevents the plaintiff from doing assessment work. The plaintiff prays for an injunction. and that he may be decreed the sole owner of the New Trick mining claim. The plaintiff also alleges that the defendants Adams, Noble, Joslyn, Nelson, Worts, Ridpath, and Fielding each have placed of record in Lincoln county notices, making a cloud on plaintiff's title, and alleges that they have no title, but that plaintiff is the sole owner. The Crystal Mining Company, after denying the principal allegations of the complaint, claims by its answer that on the 30th of December, 1895, one Gray located a part of said New Trick mining claim, and thereafter transferred the same to said Crystal Mining Company; that prior to the time of the location by the plaintiff of the New Trick mining claim one Lockhart located the Crystal quartz mining claim, which included the property located by Gray and part of the New Trick claim, and that Lockhart, by good and sufficient deeds of conveyance, conveyed the Crystal quartz mining claim to the Crystal Mining Company, and that it is the owner and in possession, and that the plaintiff has no right or title or interest in the Crystal quartz mining claim. Worts also answered, and set up certain claims, and asked that the deed from Lockhart to the Crystal Mining Company be set aside, and for other relief; but, as he has not appealed to this

court, or appeared herein, and as the decree adjudged that he take nothing, it is not necessary to set forth his demand. On April 6, 1899, the court made an order allowing J. L. Kelly to file a complaint of intervention. The Crystal Mining Company objected to said complaint of intervention, alleging as grounds for its objection, among other things, that the matters set up in the complaint of intervention did not constitute a proper subject for intervention in this cause, and that the facts alleged in the complaint of intervention did not constitute any cause of action whatever against the Crystal Mining Company. Objection was also made by the Crystal Mining Company to the introduction of any testimony under the complaint in intervention, or upon the allegations thereof, for the reason that said complaint in intervention did not state facts sufficient to constitute a cause of action. This objection was overruled, and an exception saved. A motion for a new trial, assigning the same objections, was made and overruled. The same objections are assigned here as error. The third paragraph of the complaint of intervention is as follows:

"That on the 16th day of August, A. D. 1897, and at and during the time when the mining claim hereinafter mentioned and described was vacant mineral land of the United States, and open and subject to location under the mineral laws of the United States, this intervenor, J. L. Kelly, who was then and there a citizen of the United States, over the age of 21 years, and competent to locate mineral claims under the laws thereof, together with J. K. Worts, located a certain mining claim, which was designated by him and known and named the 'Crystal No. 2,' and which said claim is situated in the Egypt mining district, Lincoln county, state of Washington, and *is situated and located immediately west of the mining claims mentioned in plaintiff's complaint, and known as the 'John L.,' 'Ruth,' and 'New Trick;' and the east end and bound-*

*ary of said Crystal No. 2 is on practically the same line*
*as the west end of the said John L., Ruth, and New Trick;*
and the said location was made by said J. L. Kelly by
then and there marking and designating the corners, cen-
ter ends, and boundaries of said claim in accordance with
the mineral laws of the United States, and in such a man-
ner that the same might be easily traced, and at that time
placed within the boundaries of said mineral claim a dis-
covery stake, all of which was done in accordance with
the mineral laws of the United States; and before locating
and staking out said claim said J. L. Kelly discovered
valuable mineral in place at the point where said discovery
stake was afterwards placed; and the said J. L. Kelly
also posted his notice of location upon said claim."

It was further alleged in the complaint of intervention
that the Crystal quartz mining claim lapped over and ex-
tended upon the east end of Crystal No. 2 to the extent of
about 450 feet, and that the Crystal Mining Company
claims to be the owner of this overlap; and the intervenor
prayed that he be adjudged and decreed by the court to be
the absolute owner and entitled to the quiet possession of
an undivided one-half of Crystal No. 2, including the said
overlap; that none of the defendants except J. K. Worts
had any interest in Crystal No. 2. There was no prayer
against the plaintiff, W. H. McNamara. On March 30,
1900, this court, on motion of the Crystal Mining Com-
pany, dismissed the appeal of the appellant, W. H. Mc-
Namara, and denied, on May 12, 1900, his petition for
rehearing.

The decree entered by the court below, omitting formal
parts, is as follows:

"Wherefore, by reason of the law and the findings
aforesaid, it is ordered, adjudged, and decreed that said
intervenor, J. L. Kelly, is the owner of an undivided one-
half of said Crystal No. 2 mining claim, and that none
of said defendants herein, except J. K. Worts, have any
right, title, interest, equity, or right of possession therein

or thereto, or to any part thereof; that at the time of the commencement of this action the said J. L. Kelly was entitled to the possession of said mining claim; that neither the defendants, nor any of them, except J. K. Worts, have any right or estate in, or are entitled to the possession of, said mining claim, or any part thereof; and that said J. L. Kelly ought to have his title and right to possession quieted as against each and all of the defendants herein except J. K. Worts. It is therefore ordered, adjudged, and decreed that the title and right of possession of said J. L. Kelly to all and singular the mining claim described in his complaint, to-wit, that certain mining claim, 1,500 by 600, situated about one-half mile east of Ft. Spokane, in Lincoln county, Washington, and particularly described as follows: 'Commencing at a post marked "N. E. Corner" at the northeast corner of the claim; thence 300 feet in a southerly direction to a center end post marked "East Center End;" thence 300 feet in a southerly direction to a corner post marked "S. E. Corner;" thence 1,500 feet in a westerly direction to a corner post marked "S. W. Corner;" thence 300 feet in a northerly direction to a center end post marked "West Center End;" and thence 300 feet in a northerly direction to a corner post marked "N. W. Corner;" thence 1,500 feet to the place of beginning. The east end line of said claim is 300 feet southwest of the shaft house of the Crystal Mining Company's property adjacent thereto,'—be, and the same hereby are, quieted as against said defendants, and each of them, and all persons claiming under them, or any of them, except J. K. Worts; and they are hereby forever enjoined from setting up any claim to said mining claim, or any part thereof, adverse to the title or possession or right of possession of said J. L. Kelly, his heirs or assigns, thereto. It is further ordered and decreed that the Crystal Mining Company is the owner of all that portion of the Crystal quartz mining claim lying and being east of the east boundary line of the Crystal No. 2, hereinbefore decreed to the intervenor, J. L. Kelly, and being 1,150 feet in length and six hundred feet in width, and being all of the Crystal quartz mining claim except that

part thereof overlapped and covered by the Crystal No. 2; that none of the defendants herein have any interest, right, or equity, or right of possession therein or thereto. It is hereby ordered and decreed that the title to the aforesaid claim, to-wit, the Crystal claim, so far as the same does not conflict with the Crystal No. 2, be, and the same is hereby, settled and quieted, and declared to be in the defendant Crystal Mining Company. Said claim is more fully described as follows: Being all of that part of the Crystal quartz mining claim adjoining and lying immediately east of the Crystal No. 2, the west line of which is the east line of said Crystal No. 2, and being eleven hundred and fifty feet long and six hundred feet wide. It is further ordered and decreed that the plaintiff herein, W. H. McNamara, is the owner of and entitled to possession of all of the New Trick except such part as overlaps the Crystal quartz mining claim, the part hereby decreed plaintiff being that part of the New Trick lying and being immediately east of the Crystal, and being four hundred and fifty feet off the east end of the New Trick. It is further ordered and decreed that the defendant J. K. Worts take nothing herein."

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either party, or an interest against both." Bal. Code, § 4846.

The matter in litigation in this action was to obtain a decree that W. H. McNamara was the sole owner of the New Trick mining claim, and to restrain the defendants in the original action from interfering with said property, or the doing of assessment work thereon. The Crystal mining claim was not the matter in litigation, only so far as that claim overlapped on the New Trick. By an examination of the italicized portion of the third paragraph of the intervenor's complaint it is manifest that Crystal No. 2, alleged to be owned by the intervenor and Worts, is located immediately west of the New Trick mining claim, and that the west boundary of the New Trick is the east

boundary of Crystal No. 2. There is no conflict between the intervenor and McNamara as to the location of New Trick and Crystal No. 2. That being the case, what interest did the intervenor have in the New Trick, which was claimed both by the Crystal Mining Company and by the plaintiff? None whatever. Then he had not an interest in the matter in litigation, in the success of either party in the matter in litigation, or an interest against both in the matter in litigation, and hence could not intervene, under § 4846, *supra*. The supreme court of California, in an action of ejectment under a statute exactly like ours, held that a third person could not intervene for the purpose of getting the court to quiet his title as against the plaintiff to another tract of land not in dispute between the plaintiff and defendant. *Rosecrans v. Ellsworth,* 52 Cal. 509. In *Porter v. Garrissino,* 51 Cal. 559, it was held by the supreme court of California that one cannot intervene who alleges title in himself paramount to both plaintiff and defendant, because the "matter in litigation" at the time of intervention was the alleged right to the possession on the part of the plaintiff and the ouster of the plaintiff by the defendant. There is no allegation in the complaint of intervention that the intervenor had any right to the possession of any portion of the New Trick, and his pleadings show that he had not. There is no allegation in the complaint of intervention that the New Trick laps over, extends upon, or conflicts with Crystal No. 2, and the inference from the complaint of intervention is that they join each other, and that they do not conflict. It follows that the complaint of intervention did not state facts sufficient to allow an intervention, and that the court erred in allowing such intervention, and in rendering a decree thereon. The decree of the court rendered and entered herein, in so far as the same

awards and decrees any portion of the Crystal mining claim, or the claims set forth in the answer of the Crystal Mining Company, to the intervenor, J. L. Kelly, or in so far as it awards costs to said J. L. Kelly, or in so far as it enjoins the Crystal Mining Company or said defendants and persons claiming under them, or either of them, from setting up any claim to Crystal mining claim No. 2, or in so far as said decree in any way or manner attempts to settle the matters in controversy between the said intervenor, J. L. Kelly, and the Crystal Mining Company and the other defendants, is annulled, reversed, and set aside, and held for naught, and the said J. L. Kelly shall take nothing under his complaint of intervention, and is entitled to no relief thereunder, and said complaint of intervention and all relief granted thereunder is wholly set aside, and held for naught. And the court below is directed to award and adjudge to the Crystal Mining Company its costs against J. L. Kelly, the intervenor, incurred in the court below. The said Crystal Mining Company shall also recover its costs in this court against said intervenor. In all other respects the judgment of the court below is affirmed, so far as it affects the plaintiff and defendants.

DUNBAR, C. J., and ANDERS, REAVIS and FULLERTON, JJ., concur.