[No. 2427]

S. C. STRATTAN, AND S. C. STRATTAN, AS ADMINIS-
TRATOR OF THE ESTATE OF MRS. S. C. STRATTAN,
DECEASED, APPELLANTS, v. J. P. RAINE, AS RECEIVER
OF THE GOLD QUARTZ MINING COMPANY OF LANDER
COUNTY, NEVADA, AND THE GOLD QUARTZ MINING
COMPANY OF LANDER COUNTY (INTERVENER),
RESPONDENTS.

[192 Pac. 471;  197 Pac. 694;  200 Pac. 500]

1. APPEAL AND ERROR—APPEAL NOT DISMISSED FOR FAILURE TO
   FILE BRIEF, WHERE APPELLANT DESIRES TO PROSECUTE APPEAL.
   Where appellant appeared at the hearing on motion to
   dismiss appeal for appellant's failure to file opening brief
   within required time, under supreme court rule 11, and where
   court is convinced that he desires in good faith to prosecute
   the appeal, and cannot say with reasonable degree of cer-
   tainty that his neglect to file brief is so inexcusable as to
   amount to a failure to prosecute the appeal, the appeal will
   not be dismissed, but appellant will be given specified period
   in which to file brief.

APPEAL from Third Judicial District Court, Lander
County; *Peter Breen,* Judge.

Action by S. C. Strattan and another against J. P.
Raine, as receiver of the Gold Quartz Mining Company
of Lander County, Nevada, in which the Gold Quartz
Mining Company of Lander County, Nevada, intervened.
From judgment rendered and from order denying
motion for new trial, plaintiffs appeal. On motion to
dismiss appeal. **Motion denied, with directions.** (COLE-
MAN, C. J., not participating.)

*A. Grant Miller,* for Appellants.

*George F. Wasson, John Jensen, A. J. Maestretti,* and
*Benjamin F. Curler (amicus curiæ),* for Respondents:

The appeal should be dismissed, appellants having
failed to file or serve their points and authorities or
opening brief, or any points or authorities, or any brief
on appeal, and to prosecute their said appeal within the
time or in the manner allowed by law or the rules of

this court, or any order of any court, or any stipulation of the parties herein.  Rules 3, 11, Sup. Ct.

By the Court, DUCKER, J.:

This case is an appeal from the judgment and order denying a motion for a new trial.  On June 30, 1920, the defendant and respondent, J. P. Raine, as receiver of the Gold Quartz Mining Company of Lander County, Nevada, filed a motion in this court to dismiss the appeal, and said motion was subsequently argued and submitted for consideration and decision.  The grounds of the motion are that appellants have failed to file their points and authorities or brief as prescribed by rule 11 of the rules of the supreme court, and have failed to prosecute the appeal.  By rule 11 it is provided as follows:

"Within fifteen days after the filing of the transcript on appeal in any case, the appellant shall file and serve his points and authorities or brief; and within fifteen days after the service of appellant's points and authorities or brief, respondent shall file and serve his points and authorities or brief; and within fifteen days thereafter, appellant shall file and serve his points and authorities or brief in reply, after which the case may be argued orally."

The transcript on appeal was filed in this court on the 22d day of December, 1919.  By a written stipulation between the appellants and movant, the former's time to file their opening brief was extended to and including the 1st day of March, 1920.  Appellant's time to file his opening brief was subsequently extended by the movant to April 10, 1920, and again to May 10, 1920.  No further extension of time was granted, and appellants have filed no points and authorities or brief.  The failure of an appellant to file a brief as required by the rules of this court is ground for the affirmance of the judgment.

The latest expression of the court in this regard is found in Gardiner v. Pacific Power Co., 40 Nev. 343,

163 Pac. 731, in which former decisions of the court affirming judgments on account of the failure to prosecute appeals by omitting to file briefs are collected. In Gardiner v. Pacific Power Company the judgment was affirmed. It appears in that case, however, that not only was there no brief filed by appellant, but that he made no appearance at the hearing on motion for affirmance of the judgment, and made no effort to excuse his omission in the matter of filing a brief. And in the decisions of this court cited therein no attempt whatever was made to excuse the failure to file a brief. But in the instant case counsel for appellant appeared at the hearing on motion to dismiss in opposition thereto, and filed his affidavit, in which he seeks to clear himself from any imputation of fault in not filing his opening brief. Counsel for movant filed a counter affidavit. From these affidavits it appears that after the appeal had been taken counsel for appellants and the counsel for movant held a conference, in which an agreement was reached as to the basis of a settlement of the case and other litigation pending between the parties. During this conference the first extension of time to and including March 1, 1920, for appellant to file his opening brief was given by movant. Immediately thereafter, as appears from the affidavit of counsel for appellants, he went East for the purpose of raising money to effectuate the settlement proposed at said conference. While he was in the East, the other two extensions of time to April 10 and May 10, respectively, were given to him at his request, by counsel for movant.

The opposing affidavits are widely divergent in almost all other matters recited therein which bear upon counsel's failure to file his opening brief. They do not, as a whole, however, furnish a satisfactory basis of fact upon which to rest a decision of such serious consequences to a party as the dismissal of his appeal.

On the oral argument, counsel for the appellants admitted that technically he was in default for not filing

and serving his opening brief within the time allowed, but as we are convinced that he desires in good faith to prosecute the appeal, and we cannot say with a reasonable degree of certainty that his neglect to file his opening brief is so inexcusable as to amount to a failure to prosecute the appeal, we are unwilling to dismiss it.

It is ordered that the motion be denied, and that counsel for appellants be, and he is hereby, required to file and serve his opening brief in this case within fifteen days after receiving notice of this decision.