# BROCKMAN *v.* ULLOM

No. 2890

June 5, 1931.                              299 P. 677.

See, also, 52 Nev. 263, 267.

*Ham & Taylor* and *Forman & Forman,* for Appellants:

*A. A. Hinman,* for Respondent:

## OPINION

By the Court, COLEMAN, C. J.:

J. M. Ullom, as plaintiff, brought suit against Henrietta Brockman, First State Bank of Las Vegas, and others, to obtain a decree quieting his title to lots 25

and 26, block 35, of Clark's Las Vegas town site. From a judgment in favor of the plaintiff and an order denying a motion for a new trial, defendant Brockman has appealed. We will refer to the parties as plaintiff and defendant.

On June 26, 1918, George L. Ullom and Norma F. Ullom, his wife, conveyed the property in question to Henrietta L. Brockman, this defendant. On September 18, 1922, defendant and Norma F. Ullom executed to the bank a deed, which was recorded on the same day, conveying the property. That this deed was a mere mortgage to secure a loan of $1,400 is agreed by all parties. On May 12, 1924, defendant, as party of the first part, entered into an agreement with George L. Ullom and Norma F. Ullom, as parties of the second part, whereby the party of the first part agreed to sell the property mentioned to second parties, for the sum of $2,700 and the assumption of the $1,400 mortgage mentioned, $500 payable June 1, 1924, and the balance at the rate of $25 per month, with interest at 8 per cent on deferred payments. Time is made the essence of the agreement, and forfeiture by George L. Ullom in case of nonpayment is one of its terms.

On June 2, 1924, Henrietta Brockman, George L. Ullom, and Norma F. Ullom executed their joint note for $1,900, payable to the bank, as security for which the deed of September 18, 1922, to the bank, was allowed to stand. On the date the $1,900 note above mentioned was executed to the bank, Henrietta Brockman and Norma F. Ullom executed their joint deed to George L. Ullom, conveying the property in question. This deed was placed in escrow with the bank, to be delivered when Henrietta Brockman was fully paid. This deed was recorded by the bank after the death of George L. Ullom.

On July 24, 1925, George L. Ullom executed his note payable to Mrs. Brockman, in the sum of $2,000. At the bottom of this note, in the hand of George L. Ullom, is written: "This note guaranteed by lots & apartment house. Lots 25 & 26 Block 35."

On May 18, 1926, J. M. Ullom and George L. Ullom obtained a loan from the bank in the sum of $5,500, and to secure its payment the bank took a deed from George L. Ullom and Norma F. Ullom to the property in question. This $5,500 note was paid in due time by J. M. Ullom.

George L. Ullom died, and Norma F. Ullom, his wife, was appointed administratrix. Thereafter J. M. Ullom brought suit against her as such administratrix to quiet in him the title to the property in question, and, the defendant in that suit failing to appear, the court in due time entered its decree as prayed.

George L. Ullom left surviving him as heirs his wife and several children.

The agreement of sale between defendant Brockman and George L. Ullom and Norma F. Ullom, and the $2,000 note of July 24, 1925, were admitted in evidence, when offered, on condition that they be connected up. Thereafter they were stricken. The order of the court in striking these exhibits is assigned as error.

We have not the benefit of the theory upon which the court made its order; however, we think it erred.

While no written instructions were given the bank when the deed of June 2, 1924, was deposited with it, the undisputed evidence is to the effect that the deed was not to be delivered until the full amount payable to Henrietta Brockman under the terms of the contract of sale of May 12, 1924, was paid. This was never done, nor was anything paid on the note of $2,000 dated July 24, 1925. Notwithstanding, the bank, some time after the death of George L. Ullom, had the deed recorded, though it was never delivered to George L. Ullom nor to any one else for him.

Both the $1,400 and the $1,900 notes payable to the bank were fully paid long before George L. Ullom's death.

■■ In this state a mortgage does not transfer the legal title to the mortgagee (Southern Pacific Co. v. Miller et al., 39 Nev. 169, 154 P. 929); hence the legal title to the property in question was in Henrietta Brockman at the time this suit was brought, unless title

passed, pursuant to the recording of the deed to George L. Ullom after his death. The bank could not properly have delivered the deed to George L. Ullom had he been alive at the time it was recorded, unless all of the payments called for in the agreement of May 12, 1924, had been made. This had not been done.

Something is said in plaintiff's brief about his being an innocent purchaser for value, and of a trade between him and George L. Ullom. There is no evidence of either, but, if such were the fact, George L. Ullom could only acquire title by complying with his contract of purchase.

█ Nor do we see that the plaintiff strengthened his position by the decree quieting his title, in the suit which he instituted against Norma F. Ullom as administratrix. The title to the property in question, upon the death of George L. Ullom, if he had the legal title at the time of his death, vested in his widow and children (Wren v. Dixon, 40 Nev. 170, 210, 161 P. 722, 167 P. 324, Ann. Cas. 1918D, 1064) subject to the payment of debts. The heirs were not made parties to that suit; hence we fail to see wherein the plaintiff's decree conferred any right.

Under the facts of this case, the question of adverse possession is not involved.

It appearing that both the legal and equitable title to the property in question is vested in Mrs. Brockman, the judgment and order appealed from should be reversed.

It is so ordered.