CHARLES P. SQUIRES (PUBLISHER LAS VEGAS AGE), APPELLANT, v. MERGENTHALER LINOTYPE CO., A CORPORATION, RESPONDENT.

No. 3294

February 15, 1940.                    99 P.(2d) 20.

## OPINION

By the Court, TABER, C. J.:

Respondent, plaintiff in the court below, has moved this court to dismiss defendant's appeal; to strike from the files the transcript on appeal; to strike the purported bill of exceptions; and to affirm the judgment attempted to be appealed from. The motion is based chiefly upon two grounds: (1) That the transcript on appeal was not served or filed within the time prescribed by law; (2) that the purported bill of exceptions,

together with the notice of appeal and undertaking on appeal, were not annexed to a copy of the judgment roll certified by the clerk or the parties.

Rule II of this court provides: "The transcript of the record on appeal shall be filed within thirty days after the appeal has been perfected, and the bill of exceptions, if there be one, has been settled." The transcript was not filed within thirty days after the appeal had been perfected, but was filed within thirty days after the bill of exceptions had been settled. Respondent, however, contends that a bill of exceptions was neither proper nor permissible in this case, and for that reason the act of the trial court in settling the purported bill of exceptions could not operate to extend the time for filing the transcript beyond thirty days after the perfecting of the appeal.

In the district court defendant demurred to plaintiff's complaint in foreclosure upon the ground that it did not state facts sufficient to constitute a cause of action, and upon the further ground that it appeared upon the face of the complaint that the action was not commenced within the time limited by law. The demurrer was overruled, and defendant given time to answer; but defendant elected to stand on his demurrer, and on June 12, 1939, the default of defendant for failure to answer the complaint within the time allowed by the court was entered. Final judgment, being a decree of foreclosure and order of sale, was filed July 18, 1939. Defendant served copy of notice of appeal from the judgment on July 18, 1939, and filed the notice of appeal and undertaking on appeal on July 20, 1939. He served and filed his proposed bill of exceptions on July 27, 1939, which was within the time allowed by law.

Section 31 of the 1937 new trials and appeals act, Statutes of Nevada 1937, chap. 32, p. 53, at p. 63, provides in part: "At any time after the filing of the complaint and not later than twenty (20) days after final judgment, * * * any party to an action or proceeding

may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties. * * * "

Section 32 of said act reads as follows: "Any adverse party may object to the allowance and settlement of any bill of exceptions herein provided for within five (5) days after the service of the same, by serving upon the opposite party and filing in said court a statement specifically pointing out wherein said bill does not state the true facts, or wherein the same omits any material fact necessary to explain or make clear any ruling, decision, or action of the court. Such objection shall be heard and determined by the court within (5) days thereafter, and upon such hearing the court shall designate in what respect said bill is incorrect or untrue, or fails or omits to state the true facts, and shall order and direct that such bill be corrected in accordance with said determination, and engrossed so as to contain the true facts as herein required, and when so engrossed said bill must be allowed and settled as in this act provided, and when so settled shall become and be a part of the record of said action or proceeding. If the objections of the adverse party are disallowed, then such bill as originally filed must be immediately settled and allowed as by this act required."

In the instant case the district court, on September 22, 1939, made the following order: "The above entitled cause having been submitted for decision upon Plaintiff's Objections to the Allowance and Settlement of Defendant's foregoing Proposed Bill of Exceptions, it is hereby ordered that the matters stated on page 23 thereof, be, and the same are hereby stricken therefrom; otherwise, and with that exception, I hereby certify that said Proposed Bill of Exceptions is correct, contains the substance of the proceedings relating to the point or points involved, and has been settled and

allowed. Done: This 22nd day of September, 1939. William D. Hatton, Judge, presiding."

▮▮ Failure to file the transcript of the record on appeal within the period fixed by rule II of this court is not jurisdictional. Thiess v. Rapaport, 57 Nev. 434, 66 P. (2d) 1000, 69 P. (2d) 96. In the case at bar, it appears not only that plaintiff did not move to strike the proposed bill of exceptions in the district court, but further that the transcript of the record on appeal was filed before respondent's motion to dismiss was noticed, filed, or made. Any failure on the part of the appellant to file the transcript, or cause it to be filed, within the time fixed by the rule, was waived, and it is therefore unnecessary to determine whether a bill of exceptions was proper or permissible. Dernham v. Bagley, 151 Cal. 216, 90 P. 543; Brown v. Cobb, 63 Cal. App. 533, 219 P. 78; Perkins v. Boyd, 17 Colo. App. 447, 68 P. 1062; Armijo v. Abeytia, 5 N. M. 533, 25 P. 777; Herbst v. Rogers, 22 N. M. 449, 164 P. 827; Collins v. Unknown Heirs, 27 N. M. 222, 199 P. 362; Gustin v. Jose, 10 Wash. 217, 38 P. 1008; McNamara v. Crystal Min. Co., 23 Wash. 26, 62 P. 81; Johnson v. San Juan Fish & Packing Co., 30 Wash. 162, 70 P. 254.

▮ Respondent's contention that its motion should be granted because the so-called bill of exceptions, together with the notice of appeal and the undertaking on appeal, are not annexed to a copy of the judgment roll and certified by the clerk or by the parties, is based upon section 38 of said new trials and appeals act, which reads in part: "The original bills of exceptions herein provided for, together with a notice of appeal and the undertaking on appeal, shall be annexed to a copy of the judgment roll, certified by the clerk or by the parties, if the appeal be from the judgment * * *." Section 42 of said act, however, provides that: "Whenever the judgment roll, or the papers making up the judgment roll, shall be incorporated in a bill of exceptions, it shall not be necessary to take to the supreme court any separate

copy of the judgment roll, but in all such cases the judgmen roll, or the papers making up the judgment roll, shall be certified by the clerk of the court in which the action or proceeding is pending, or by the parties or their attorneys." This section was complied with in the case at bar.

Respondent's motion is denied.