## HOTELS EL RANCHO, INC. ET AL., APPELLANTS, v. NEVADA PRAY, RESPONDENT.

No. 3471

January 20, 1947.                    176 P. 2d 236.

*Leo A. McNamee* and *George Rudiak,* both of Las Vegas, for Appellants.

*Lewis & Hawkins,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, C. J.:

This is a motion to dismiss an appeal. The motion is based on the ground: (1) That said appellants did not cause to be filed their record on appeal within thirty days after the appeal had been perfected and bill of exceptions had been settled, as required by rule II of this court. (2) That the said appellants did not cause to be filed their opening brief within fifteen days after the filing of the record on appeal, as required by rule XI of this court.

By stipulation the bill of exceptions was settled and allowed on August 23, 1946.

The transcript on appeal was filed in this court on September 23, 1946. The time for appellants to file their opening brief expired, therefore, on October 8, 1946.

Notice of the presentation of this motion to dismiss was served on the appellants on October 9, 1946, and was filed in this court on October 14, 1946.

On October 23, 1946, appellants' opening brief was filed.

It appears from the affidavit filed on behalf of the appellants in opposition to the motion:

"That on the 15th day of July, 1946, Frank McNamee, Jr., Esquire, of the firm of McNamee and McNamee of counsel for the defendants, was appointed to the Bench and took office as Judge of Department No. 1 of the Eighth Judicial District Court of the State of Nevada. That by reason of said appointment, the full burden of legal matters pending in the files of the legal firm of McNamee and McNamee was placed upon Leo A. McNamee, the remaining partner, who, in consequence thereof, was unable to devote his full time and attention to instant case, and requested your Affiant to assume the primary obligation of preparing the Transcript of the Record on Appeal and Appellants' briefs herein, which obligation Affiant accepted.

"That your Affiant is newly admitted to the practice of Law in the State of Nevada and has had no previous experience in connection with the appellate procedure of this Honorable Court. That, until served with Plaintiff's Notice of Motion to Dismiss Defendants' and Appellants' Appeal, your Affiant was laboring under the mistaken belief that the defendants and appellants had thirty (30) days from the date of filing of the Transcript of the Record on Appeal within which to file and serve their points and authorities or brief."

■■ The transcript on appeal was filed before the motion to dismiss was noticed or made. By her failure to move to dismiss before the fault had been cured by the filing of the transcript on appeal, respondent waived her right to take advantage of the provisions of said rule II. Styris v. Folk, 62 Nev. 208, 139 P.2d 614, 146 P.2d 782; Squires v. Mergenthaler Linotype Co., 60 Nev. 62, 99 P.2d 20. Furthermore, the affidavit shows that the

appeal has been taken and presented in good faith, that the delay has not appreciably postponed the hearing of the appeal on its merits, and that the failure to timely file the record on appeal was excusable.

As to the second ground of the motion "that the said appellants did not cause to be filed their opening brief within fifteen days after the filing of the record on appeal as required by rule XI of this Court," we feel that the circumstances which occasioned the delay and oversight of counsel were such as to appeal strongly to the discretionary power of the court, and would, without doubt, have justified an order extending the time for filing the opening brief if they had been brought to our attention before the motion to dismiss was made. If so, there is no reason why we may not after the motion relieve the appellants from the consequences of their delay.

While it is true that the rules of the court requiring briefs on appeal to be filed within the time specified undoubtedly conferred rights which may be enforced by litigants, it is equally certain that the rights so conferred are subject to the right and power of the court, upon proper showing, to relieve the party from his default upon the ground of mistake, inadvertence or excusable neglect. Brooks v. Union Trust & Realty Co., 146 Cal. 134, 79 P. 843. It has been often stated that courts, in the determination of such motions as far as possible, should lean toward a hearing of the case upon its merits. It may be said, also, that manifestly a large discretion is committed to the court in the exercise of its judgment as to whether a party should be relieved from such default. Pacific Power Co. v. State, 31 Cal. App. 719, 162 P. 641, 643. The appellants filed their brief on October 23, 1946. The motion to dismiss the appeal was served on appellants on October 9, 1946, and was filed in this court on October 14, 1946. We have no reason to question the good faith of appellants or their counsel, and we are impressed with the showing made that the appeal has been taken in good faith and the delay has

not appreciably, if at all, postponed the hearing on the appeal on its merits. Moreover, we have previously declared it the policy of the law that cases should be disposed of in this court on their merits wherever possible. In re McGregor, 56 Nev. 407, 48 P.2d 418, 55 P.2d 10; Stratton v. Raine, 45 Nev. 7, 192 P. 471; Smith v. Taecker, 127 Cal.App. 78, 15 P.2d 193; Bourne v. Root, 117 Cal.App. 618, 4 P.2d 264; Tyner v. Axt, 111 Cal.-App. 187, 295 P. 97; Righetti v. Monroe, Lyon & Miller, 106 Cal.App. 346, 289 P. 650; Fishman v. Silva et al., 108 Cal.App. 121, 291 P. 340.

The motion should be denied and it is so ordered.

Respondent may have to and including fifteen days after receiving notice of this decision, within which to serve and file her answering points and authorities to the appellants' opening brief.