HENRY McCLEARY TIMBER COMPANY, A CORPO-RATION, APPELLANT, *v.* C. A. SEWELL AND ORENE H. SEWELL, HIS WIFE, RESPONDENTS.

No. 3912

January 9, 1956.                    292 P.2d 197.

(See also 72 Nev........, 301 P.2d 1047.)

*James A. Callahan,* of Winnemucca, and *Anderson, Kaufman & Anderson,* of Boise, Idaho, for Appellant.

*Orville R. Wilson,* of Elko, for Respondent.

# OPINION

## ON MOTION TO STRIKE BRIEF

*Per Curiam:*

This matter is before us on motion of respondents to strike the opening brief of appellant now on file in this court, upon the ground that appellant had failed to file the same within the time prescribed. The brief was due November 10, 1955 and was filed November 17, 1955. In opposition to the motion counsel for appellant have filed an affidavit explaining the reasons for the delay in filing.

This court has had occasion recently to express to the members of the bar its concern with the delays in briefing which have become almost a matter of standard practice. In this respect it is anticipated that Rule XI, paragraph 7 of the rules of this court, will shortly be amended. Notwithstanding our general feeling in this regard and with no intent to establish precedent as to practice under any amendment to Rule XI which may be had, it is our view that the motion before us must be denied. Several considerations combine to impel us to this conclusion.

1. Where an appeal has not been perfected in this court within the time provided by rule, this court in the past (prior to the promulgation of N.R.C.P.) has regarded as a waiver of the default the failure of respondent to move to dismiss until after the default had been cured by tardy filing of the record. Squires v. Mergenthaler Linotype Co., 60 Nev. 62, 99 P.2d 20; Styris v. Folk, 62 Nev. 208, 130 P.2d 614, 146 P.2d 782; Hotels El Rancho v. Pray, 64 Nev. 22, 176 P.2d 236. Cf. Goodhue v. Shedd, 17 Nev. 140, 30 P. 695; Adams v.

Rogers, 31 Nev. 150, 101 P.317; Padilla v. Mason, 53 Nev. 226, 296 P. 1083; Roberts v. Roberts, 63 Nev. 459, 174 P.2d 611. While the rule may well now be different under N.R.C.P. so far as concerns the filing of record and docketing of appeal, the filing of briefs remains governed by our supplementary rules of court and the cited authorities would still appear to be pertinent to our exercise of discretion in such cases.

2. Although the affidavit filed by counsel for appellants can hardly be said to make out a clear case of excusable neglect, still the case made out does serve to dispel any question of lack of good faith in the prosecution of the appeal.

3. The delay was but for one week. (By previous stipulations extensions totaling three weeks had been granted.) No prejudice has been shown to have resulted to the respondent. Had application been made to this court for an extension of time for the reasons stated in appellant's affidavit it undoubtedly would have been granted. Hotels El Rancho v. Pray, 64 Nev. 22, 176 P.2d 236.

Under all of the circumstances we feel that justice demands that the motion upon this ground should be denied.

As a further ground for striking the brief respondents assert that the brief, whenever making reference to evidence or proceedings, fails to designate where in the record the evidence or matter may be found, contrary to the requirement of Rule XI of this court. We do not regard this as a ground for striking the brief. Rule XI states that for failure to comply with this requirement the court may ignore the point made. Whether we choose to exercise our discretion in this manner remains for future decision.

Motion denied. Respondents shall have 15 days from date within which to answer the opening brief of appellants.